FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
SPIRIDON ANTHOULIS,                                        :
                                                           :   **MEMORANDUM**
                                     Petitioner,           :   **DECISION AND ORDER**
                                                           :
            - against -                                    :   11 Civ. 1908 (BMC)
                                                           :
STATE OF NEW YORK and THE                                  :
ATTORNEY GENERAL OF THE STATE OF                           :
NEW YORK,                                                  :
                                                           :
                                     Respondents.          :
                                                           :
---------------------------------------------------------- X

**COGAN,** District Judge.

On January 26, 2007, pursuant to a plea agreement, petitioner pleaded guilty to one count of Grand Larceny in the Third Degree (a felony), and one count of Failing to Pay Prevailing Wages (a misdemeanor). For the grand larceny charge, petitioner was sentenced to time served and five years' probation. He received a conditional discharge on the failure to pay prevailing wages charge and agreed to a five-year bar from performing public work in New York State. He was also ordered to pay restitution "of no more than" $7,250,095.03. The case is before me on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is dismissed without prejudice as unexhausted.

## BACKGROUND

Petitioner operated 4-A General Construction Corp. ("4-A"), which contracted with the New York City Housing Authority ("NYCHA") to renovate kitchens and bathrooms and to modify NYCHA apartments for handicapped access. Under 4-A's contract with NYCHA, 4-A was required to pay its workers "prevailing wages," which were determined based on the

workers' job classifications. The charges against petitioner arose from his failure to pay 4-A's workers the proper prevailing wages.

After over a year of negotiations, petitioner waived his right to proceed by indictment and pleaded guilty to a two-count information pursuant to a written plea agreement. Count 1 charged Grand Larceny in the Third Degree (Penal Law § 155.35), a felony, by wrongfully obtaining payment for construction work from NYCHA. Count 2 charged Failure to Pay Wages under Labor Law § 198-a(1), a misdemeanor, by failing to pay the proper prevailing wages earned by his company's manual laborers. The felony carried a maximum sentence of seven years; the misdemeanor carried a maximum sentence of one year.

Petitioner acknowledged in the written plea agreement and in his allocution that he was 4-A's chief operating officer or field construction supervisor. He further acknowledged that the certified payroll reports 4-A submitted to NYCHA were false because they incorrectly reported the hours and work classification (which was used to determine the prevailing wage) of the company's workers, and because they omitted certain workers who were paid in cash "off the books."[1] He also admitted that he created a number of other corporations, including a 4-A subcontractor of which his brother-in-law was the President, that these corporations were used to obtain cash to pay 4-A's workers, and that the corporations were not reported on the certified payroll records filed with NYCHA. He acknowledged an obligation to pay restitution "of no more than" $7,260.095.03, the computation of which was annexed as an exhibit to the plea agreement, which was the amount arrived at pursuant to an audit conducted by Pricewaterhouse Coopers LLP (the "PWC audit").

---

[1] According to petitioner, he prepared the reports and ultimately submitted them to NYCHA; his wife signed the reports before a notary.

2

In exchange for entry into the agreement, the New York Attorney General agreed, among other things, not to prosecute him for any further crimes related to the same conduct, and to recommend to the sentencing court: (a) on the felony, no more than six months custody, five years probation, and restitution up to the stated amount; and (b) on the misdemeanor, a conditional discharge.

After pleading guilty, but prior to sentencing, petitioner retained a new attorney and filed a motion to withdraw his guilty plea pursuant to CPL § 220.60. In his motion, he claimed that: (1) there was no legal or factual basis for the grand larceny charge; (2) he had a valid statute of limitations defense to the labor law charge; and (3) some portion of the restitution was improper as a matter of law. In addition, he raised a claim of ineffective assistance of his former counsel, arguing that his attorneys did not advise him on any of these issues before he entered his guilty plea, and that he would not have pleaded guilty if his attorneys had adequately advised him. Thus, petitioner argued, he did not enter into a knowing and intelligent guilty plea and "he was denied the effective assistance of his criminal attorney when he executed the plea agreement and pled guilty."

In support of the motion, petitioner filed affidavits from one of his former attorneys and himself. The affidavits discussed their communications, the former attorney's lack of investigation into potential defenses to the charges, and the negotiations with the Attorney General that led up to petitioner's guilty plea. They were offered to show that petitioner had not been made aware of these defenses when he determined to plead guilty. In addition, petitioner submitted an affidavit from a labor consultant who was retained by petitioner's new attorney. The consultant described post-plea investigations he had undertaken to support the conclusion that the PWC audit upon which the Attorney General had relied in pressing the charges against

petitioner was flawed, principally because it did not recognize that the law allowed the "splitting" of work classifications on a daily basis for purposes of computing a prevailing wage.

The trial court denied the motion, ruling (1) that petitioner "received an advantageous plea and the record [did] not cast doubt on the apparent effectiveness of counsel"; and (2) that he "voluntarily, knowingly, and intelligently pled guilty on the advice of competent attorneys after the court fully advised him of the consequences of his plea." The trial court did not discuss or refer to the off-the-record evidence (i.e., the affidavits or 4-A's contract with NYCHA) that petitioner had submitted in support of the motion.

The Appellate Division affirmed petitioner's conviction. People v. Anthoulis, 78 A.D.3d 854, 910 N.Y.S.2d 370 (2d Dept. 2010), lv. app. denied, 16 N.Y.3d 827, 921 N.Y.S.2d 191 (2011). It ruled as follows:

> [T]he Supreme Court providently exercised its discretion in denying his motion to withdraw his plea of guilty. The defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea agreement with the assistance of competent counsel, and the defendant indicated that he was satisfied with counsel's representation. In addition, there was no evidence to support the defendant's belated claim of innocence or to indicate that he was induced to plead guilty as a result of fraud or mistake.
>
> The defendant's contention that he was deprived of the effective assistance of counsel rests mainly on matter dehors the record and, thus, cannot be reviewed on direct appeal. To the extent this contention is reviewable on the record before us, we find that defense counsel provided meaningful representation with respect to the defendant's plea of guilty.
>
> Review of the other claims raised by the defendant on appeal have been forfeited as a result of his plea of guilty.

Id. at 854-55 (internal citations omitted).

Petitioner filed the instant petition on April 19, 2011. He asserts seven grounds for relief: (1) he received ineffective assistance of counsel prior to pleading guilty; (2) because of the ineffective assistance of counsel, he did not knowingly and intelligently plead guilty; (3) the

4

larceny charge is invalid; (4) the statute of limitations for the failure to pay prevailing wages charge expired; (5) the PWC audit was erroneous; (6) the criminal restitution judgment improperly included interest and penalties; and (7) the Attorney General acted in bad faith by pursuing an invalid larceny charge, a time-barred failure to pay prevailing wages charge, and by seeking unlawful restitution.

## DISCUSSION

### I

Petitioners in state custody "must exhaust [their] remedies in state court [before a federal court may grant them habeas relief]." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728 (1999); see 28 U.S.C. § 2254(b), (c). This requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines v. Weber, 544 U.S. 269, 273, 125 S. Ct. 1528 (2005). To properly exhaust a claim, petitioners must "give state courts a *fair* opportunity to act on [it]." O'Sullivan, 526 U.S. at 844, 119 S. Ct. 1728. They must "fairly present[]" their claims to the state courts by "appris[ing the courts] of both the factual and legal premises of the claim." Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (internal quotation marks omitted). In addition, petitioners must "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845, 119 S. Ct. 1728. They do not, however, have to "invoke[] every possible avenue of state court review." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).

In New York, the applicable review process for an ineffective assistance of counsel claim depends on the nature of the alleged attorney error underlying the claim. To properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise it on direct appeal to the Appellate Division and then seek

leave to appeal to the Court of Appeals. In contrast, to properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division. See Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003); Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994); Reyes v. Phillips, No. 02 Civ. 7319, 2003 U.S. Dist. LEXIS 52, at *9-12 (S.D.N.Y. Jan. 6, 2003); People v. Brown, 45 N.Y.2d 852, 853-54, 410 N.Y.S.2d 287 (1978).

Here, the Appellate Division held that petitioner's ineffective assistance of counsel claim "rest[ed] mainly on matter dehors the record," and that, "[t]o the extent [it was] reviewable on the record, [it was without merit because] defense counsel provided meaningful representation with respect to the [petitioner's] plea of guilty." Anthoulis, 78 A.D.3d at 854-55, 910 N.Y.S.2d at 371 (internal citations omitted). Because the Appellate Division held that the claim was partly outside the record and partly on the record, I previously entered an Order noting the potential that petitioner's claim was, at least partially, unexhausted. See Order dated October 14, 2011. I invited respondents to inform the Court whether they were waiving the exhaustion defense and, if not, how they proposed to proceed. I also gave petitioner an opportunity to respond.

Respondents subsequently "assert[ed] the defense of non-exhaustion" and requested that I deny the entirety of petitioner's ineffective assistance of counsel claim as meritless. Petitioner filed a reply in which he argued that his claim was exhausted because it was fully developed on his motion to withdraw his guilty plea and because the trial court ruled on it on the merits. According to him, the Appellate Division erred by holding that his claim was partially outside the record. Alternatively, petitioner argued that, if I determine his ineffective assistance of

6

counsel claim is partially unexhausted, I "should stay this proceeding until the petitioner completes the exhaustion of additional claims in the New York courts."

New York law is clear that when a CPL § 220.60(3) motion to withdraw a guilty plea is based on matters outside of the trial and pretrial record, the trial court is under no obligation to consider the extraneous evidence in determining the motion. When ruling on a motion to withdraw a guilty plea, the trial court is "entitled to rely on the record before [it] in order to insure that guilty pleas are accorded finality whenever possible." People v. Ramos, 63 N.Y.2d 640, 642-43, 479 N.Y.S.2d 510 (1984). In Ramos, the defendant moved to withdraw his guilty plea because counsel allegedly provided him with erroneous advice on the sentencing ramifications of his plea. The advice was not apparent on the record of his plea. The Court of Appeals held that the trial court acted within its discretion in denying the motion because "defense counsel's misadvice . . . was not placed on the record at the time of the plea." Id. According to the Court, this off the record error was "not entitled to judicial recognition" on a motion to withdraw a guilty plea, and the defendant's related ineffective assistance of counsel claim "should have been raised in a posttrial [i.e., a § 440.10] application." Id.

The trial court and the Appellate Division properly followed the approach mandated by Ramos in disposing of petitioner's ineffective assistance of counsel claim. The transcript of his plea allocution contains no suggestion of involuntariness or ineffective assistance; indeed, petitioner does not contend otherwise. That is effectively what the state courts held – there was no on-the-record claim of ineffective assistance or an involuntary plea. Only if the courts had considered the extrinsic evidence petitioner relied on to support his claim – i.e., the affidavits and 4-A's contract with NYCHA – could questions be raised as to involuntariness or ineffective assistance. No doubt, the state courts could have considered that extrinsic evidence under CPL §

7

220.60(3) as a matter of discretion, but state law did not require them to do so, and they acted consistently with state procedural law in relegating petitioner to a CPL § 440.10 motion to raise such claims. This procedure is entitled to recognition on habeas review. Cf. Beard v. Kindler, 130 S.Ct. 612, 618 (2009) ("a discretionary rule can be "firmly established" and "regularly followed" – even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.").

Petitioner did not avail himself of this opportunity. It remains open to him to have the state courts consider his ineffective assistance claim based on off-the-record evidence on the merits. The claim is therefore unexhausted.

II

The issue thus becomes what to do with the petition. Where a petitioner raises both exhausted and unexhausted claims, I have three options. See Spurgeon v. Lee, No. 11-CV-00600, 2011 U.S. Dist. LEXIS 35252, at *3-4 (E.D.N.Y. Mar. 31, 2011). First, I can dismiss the entire petition without prejudice as a mixed petition. This would give petitioner the opportunity to exhaust the unexhausted portion of his ineffective assistance claim and then re-file a § 2254 petition raising all of his claims. See Sookoo v. Heath, No. 09 Civ. 9820, 2011 U.S. Dist. LEXIS 43960, at *18-19 (S.D.N.Y. Apr. 21, 2011); Abrahams v. Comm'r of Corr., No. 10 Civ. 519, 2010 U.S. Dist. LEXIS 128897, at *21 (D. Conn. Dec. 7, 2010). Second, if I determine that petitioner's unexhausted claim is "plainly meritless," I can deny it on the merits and rule on petitioner's remaining exhausted claims. See Spurgeon, 2011 U.S. Dist. LEXIS 35252, at *3-4; see also 28 U.S.C. § 2254(b)(2). Finally, I can "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines, 544

U.S. at 275-77, 125 S. Ct. 1528. Respondent argues that I should use the second option; petitioner argues for the third.

I cannot say that the unexhausted portion of petitioner's ineffective assistance of counsel claim is "plainly meritless." Nor can I grant petitioner a stay while he exhausts his ineffective assistance of counsel claim. This latter option is only available if "(1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless,' and (3) the petitioner has not engaged in intentionally dilatory litigation tactics." Spurgeon, 2011 U.S. Dist. LEXIS 35252, at *4; see also Rhines, 544 U.S. at 275-77, 125 S. Ct. 1528. Although "good cause" has not been defined, "most courts have deemed it to require that the petitioner show that 'some factor external to the petitioner gave rise' to his failure to assert the claims in state court." Williams v. Marshall, No. 09 Civ. 7411, 2011 U.S. Dist. LEXIS 36484, *6-7 (S.D.N.Y. Mar. 30, 2011). Other courts have used a more lenient standard and instead looked to see whether some "reasonable confusion" caused the failure to exhaust. Id. at *7 (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807 (2005)).

I do not need to determine which standard applies because, even under the more lenient standard, petitioner has not even attempted to demonstrate any cause for his failure to exhaust his claims. Petitioner ignored the implications of the Appellate Division's holding and prematurely sought federal habeas review of an unexhausted claim. Under these circumstances, a stay would be inappropriate.[2]

---

[2] Dismissing petitioner's case, rather than staying it, will not foreclose federal habeas review of the petition. First, this is a dismissal without prejudice for failure to exhaust; I am not deciding any of petitioner's claims on the merits. Accordingly, the rule against second or successive habeas petitions, see 28 U.S.C. § 2244(b), will not be implicated should petitioner ultimately re-file after properly exhausting, see Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595 (2000) (applying pre-AEDPA standards); Graham v. Costello, 299 F.3d 129, 132-33 (2d Cir. 2002); Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001) (per curiam). Second, assuming petitioner proceeds in a prompt manner, the one-year statute of limitations for § 2254 cases, see 28 U.S.C. § 2244(d), will not expire. As relevant here, the one-year began to run after petitioner's conviction became final because that is when his time for seeking direct review expired. See id. § 2244(d)(1)(A). The operative date is "90 days after the New York Court of Appeals

## CONCLUSION

The petition is denied without prejudice and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
       January 23, 2012

---

denie[d] leave to appeal, which is when the petitioner's time to apply for a writ of certiorari to the United States Supreme Court expire[d]." Rivera v. Cuomo, 649 F.3d 132, 139 (2d Cir. 2011). The Court of Appeals denied leave to appeal on March 24, 2011. Petitioner's one-year therefore began to run on June 22, 2011, and he has until June 22, 2012 to re-file his § 2254 petition. Moreover, assuming petitioner files his § 440 motion before June 22, 2012, the one-year period will be tolled while that motion is pending in state court. See 28 U.S.C. § 2244(d)(2); see also Bennett v. Artuz, 199 F.3d 116, 122-23 (2d Cir. 1999); Sumpter v. Sears, 09-CV-00689 (KAM), 2011 U.S. Dist. LEXIS 766, at *9 (E.D.N.Y. Jan. 5, 2011).